WYNN, Circuit Judge,
dissenting:
Per the majority opinion, Petitioner José Barahona is ineligible for relief from an order of deportation because over twenty-five years ago, during the twelve-year civil war in El Salvador, he was “forced ... under threat of execution, to allow the guerrillas to use his kitchen.” I, however, would hold that this passive acquiescence to the crimes of terrorists does not constitute an “act” that “affords material support ... to a terrorist organization” under the plain language of 8 U.S.C. § 1182(a)(3)(B)(iv)(VI) (the “Material Support Bar”). Accordingly, I must respectfully dissent.
I.
Under the Material Support Bar, an alien is inadmissible if he has engaged in terrorist activity by providing “material support” to a terrorist organization. See 8 U.S.C. § 1182(a)(3)(B)(i)(I). “Terrorist activity” is in turn defined to include the commission of “an act that [the person] knows, or reasonably should know, affords material support ... to a terrorist organization.” Id. § 1182(a)(3)(B)(iv)(VI)(cc) (emphasis added).
As noted by the majority opinion, the statute does not provide any type of “duress” exception for an “act” committed under the type of violence and intimidation all parties acknowledge Barahona faced in this case. Ante at 354-55. However, the requirement of an “act” — “something done or performed,” Black’s Law Dictionary 27 (9th ed. 2009),[1] should not be conflated with an excuse for conduct for which an individual would otherwise be liable:
*357 If a person manipulates the hand of another in such a way as to cause a crime to be committed, the latter person is guilty of no crime because he has performed, no act. On the other hand, if a person threatens another with harm unless he commits a crime, and thereby causes the crime to be committed, the coerced person has performed an act, [though duress may excuse the act],
1 Charles E. Torcía Wharton’s Criminal Law § 52 (15th ed. 2011) (emphasis added). Moreover, our justice system has long distinguished between committing an act and failing to act. See, e.g., 1 Wayne R. LaFave, Substantive Criminal Law § 6.2 (2d ed. 2008) (“For criminal liability to be based upon a failure to act it must be found that there is a duty to act — a legal duty and not simply a moral duty.”); Restatement (Second) of Torts § 314 (“The fact that the actor realizes or should realize that action on his part is necessary for another’s aid or protection does not of itself impose upon him a duty to take such action.”).
Here, the Immigration Judge, whose decision was adopted and supplemented by the Board of Immigration Appeals, made the following factual findings:
The material support at issue in this particular case ... is [Barahona] has testified that the guerrillas did make use of his kitchen to cook their food ... during approximately one year. I will state also that he did state that he gave guerrillas directions and showed them shortcuts, but it is the opinion of the Court that would not have constituted material support to the guerrillas. There is no evidence he was trying to help them on any military missions.... I will make a factual finding that [Barahona] was living in occupied territory of the guerrillas, that he had no choice as to whether or not to let them use his house ... and, therefore, I would find, as a factual matter, that there was duress in this case.
J.A. 327-28. The Immigration Judge concluded that because, “[u]nfortunately, the law as it stands today, provides no defense for duress,” Barahona had violated the Material Support Bar and was, consequently, ineligible for relief.[2] The Board of Immigration Appeals agreed and ruled that, due to the lack of a duress exception or voluntariness requirement, Barahona violated the Material Support Bar by allowing the guerrillas to use his kitchen. It is this legal conclusion, affirmed by the majority opinion, with which I take issue, as I find that Barahona need not plead either duress or involuntariness when he can be “guilty of no crime because he has performed no act.” Torcía, supra § 52. Nowhere in the record before this Court is there any suggestion that Barahona took any affirmative step, or otherwise performed or did any deed, that he “kn[ew], or reasonably should [have known], afford[ed] material support” to the guerillas. 8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(ce).
Rather, the Immigration Judge and the Board of Immigration Appeals essentially found that — under threat of death — Barahona did not prevent the guerillas from occupying his home and using his kitchen to prepare their meals for approximately a year. Yet the plain language of the statute refers only to whether the individual “commit[s] an act,” 8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(ec) (emphasis added). A failure to act should not be equated *358 with — or read into — that phrase. See e.g., Midi v. Holder, 566 F.3d 132, 136-37 (4th Cir.2009) (noting that under the standard from Chevron v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), “we initially examine the statute’s plain language; if Congress has spoken clearly on the precise question at issue, the statutory language controls.”).
To apply the Material Support Bar to a failure to act, such as in Barahona’s case, runs contrary both to our justice system’s longstanding distinction between committing an act and failing to act, discussed above, and to the well-established tenet that we should construe statutes to avoid absurd results. Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 575, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982) (“[interpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available.”).
Consider, for example, that the majority opinion’s holding would still bar Barahona from relief even had he immediately fled his home and never returned, and the guerillas had used his home in his absence, yet he reasonably should have known they would occupy and use his home once he left. Likewise, he would not be eligible for relief even if he had taken some sort of action to prevent the guerillas from being able to prepare meals, such as sabotaging his stove, if they instead used his fireplace. Such cannot be the intent of Congress, when the statute specifically provides that an individual must “commit an act” that “affords material support.”[3]
II.
José Barahona lost his home, members of his family, and his homeland to guerilla terrorists. Under today’s ruling, he will now lose his adopted country. Because I find that the plain language of the Material Support Bar requires that Barahona have “committed] an act” — beyond simply being the unfortunate victim of terrorists — to deny the relief he seeks, I must respectfully dissent.

. Other relevant legal definitions of act include: (1) from criminal law, "a bodily movement whether voluntary or involuntary,” Model Penal Code § 1.13; and from civil law, "an external manifestation of the actor’s will,” Restatement (Second) of Torts § 2.

. The Immigration Judge further remarked that: "I want to make clear were it not for this material support issue I would have found the respondent meets the criteria of relief under [section] 203 of NACARA, and I would urge whoever is making the decision, Department of Homeland Security, to allow the duress exception.” J.A. 328.

. Indeed, every case cited by the Board of Immigration Appeals, in support of its duress analysis or otherwise, involves the commission of an act. See, e.g., Arias v. Gonzales, 143 Fed.Appx. 464, 466-68 (3d Cir.2005) (making voluntary payments); Matter of S-K-, 23 I. & N. Dec. 936, 937 (BIA 2006) (donating money); Singh-Kaur v. Ashcroft, 385 F.3d 293, 298 (3d Cir.2004) (providing food).